UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------X
CARLO DONATO,

                         Petitioner,

       -against-                              MEMORANDUM & ORDER
                                             06-CV-5287(JS)

UNITED STATES OF AMERICA,

                         Respondent.
---------------------------------------X
APPEARANCES
For Petitioner:       Carlo Donato, pro se
                      #45257-053
                      USP-Allenwood
                      P.O. Box 3000
                      White Deer, PA 17887

For Respondent:       Allen Lee Bode, Esq.
                      United States Attorney's Office
                      610 Federal Plaza
                      Central Islip, NY 11722


SEYBERT, District Judge:

          Currently pending before the Court are pro se

petitioner Carlo Donato's ("Donato" or "Petitioner") motion to

amend/correct/supplement his Petition for a writ of habeas

corpus (Docket Entry 19) and his motion for leave to file an

amended brief (Docket Entry 22).  For the following reasons,

Petitioner's motions are GRANTED.


                              BACKGROUND

          This case has a lengthy and somewhat complicated

procedural history.  Although the Court presumes general

familiarity with the background of this case, it will briefly set forth the relevant facts and history herein.

Petitioner originally filed a petition for a writ of habeas corpus with this Court on September 27, 2006 pursuant to 28 U.S.C. § 2241. In 1996, Petitioner was convicted by a jury of one count of Conspiracy to Commit Carjacking in violation of 18 U.S.C. § 371, six counts of Carjacking in violation of 18 U.S.C. § 2119, one count of Possession of a Firearm to Commit a Crime of Violence in violation of 18 U.S.C. § 924(c), and five counts of Using a Firearm During the Commission of a Crime of Violence in violation of 18 U.S.C. § 924(c).

In a Memorandum and Order dated January 8, 2010 (the "January 2010 Order," Docket Entry 15), this Court determined that Donato's Petition is more appropriately considered under 28 U.S.C. § 2255. The Court explained that Donato had filed a previous Petition on March 28, 1998 pursuant to 28 U.S.C. § 2255 arguing that he had received ineffective assistance of counsel. (January 2010 Order at 2.) That Petition was denied, but on appeal, the Second Circuit determined that the district court erred in calculating Petitioner's sentence and remanded for resentencing. (January 2010 Order at 2 (citing Donato v. United States, 2000 U.S. App. LEXIS 3788 (2d Cir. Mar. 7, 2000).) On remand, the Government conceded that there had been an error at

sentencing and on December 1, 2000, Judge Jacob Mishler resentenced Petitioner. (January 2010 Order at 2.)

Petitioner again appealed and the Second Circuit again found error. This time, the Second Circuit concluded that the district court erred in its imposition of a fine above the guidelines without providing an explanation. (January 2010 Order at 2 (citation omitted).) Thus, the case was again remanded and on July 6, 2005, Judge Denis R. Hurley vacated Judge Mishler's judgment as to the fine imposed. (January 2010 Order at 2-3 (citing United States v. Donato, et al., No. 95-CR-0223 (Docket Entry 132)).)

Thereafter, Petitioner filed his Section 2241 Petition, and this Court issued its January 2010 Order converting the Petition to one under Section 2255. However, the Court noted the complexity of Donato's Petition, given that it challenged both his original conviction and sentence, and his resentencing. (January 2010 Order at 5.) Ultimately, the Court concluded that any arguments relating to the proceedings prior to Petitioner's resentencing could have been made in his earlier petition, and therefore should be treated as a second or successive Section 2255 petition. (January 2010 Order at 6 (citation omitted).) As such, the Court transferred that portion of the Petition to the Second Circuit pursuant to 28 U.S.C. § 1631. (January 2010 Order at 6.)

As to Petitioner's claim that he was overly medicated during resentencing, the Court determined that this could be considered a "first" petition. (January 2010 Order at 7 (citation omitted).) Therefore, the Court satisfied its obligations under Adams v. United States, 155 F.3d 582, 584 (2d Cir. 1998) and informed Donato that it would convert the Petition to one under Section 2255. (January 2010 Order at 7.) Petitioner agreed to the conversion. (See Jan. 25, 2010 Ltr., Docket Entry 16.) Accordingly, in a Memorandum and Order dated February 11, 2010 (the "February 2010 Order," Docket Entry 17), the Court addressed whether Petitioner was entitled to habeas relief based upon his assertion that he was overly medicated and thus did not understand the resentencing proceedings of December 1, 2000. More specifically, the Court considered whether Petitioner's resentencing deprived him of Due Process and whether counsel's failure to request a competency hearing deprived Petitioner of effective assistance of counsel. (February 2010 Order at 7.) Both arguments were rejected, and the Clerk of the Court closed the case. (February Order at 12.)

After the Court rendered its decision and closed the case, the Second Circuit issued a mandate dated March 3, 2010. (See Mar. 3, 2010 Mandate, Docket Entry 18.) The Circuit determined that, inter alia, "to the extent Petitioner seeks to challenge his conviction and aspects of his sentence that were

4

not amended by the resentencing that took place pursuant to this Court's order granting his first § 2255 motion, the motion is DENIED because Petitioner has not satisfied the criteria set forth in 28 U.S.C. § 2255(h)." (Mar. 3, 2010 Mandate at 1-2.)

Nothing more occurred in the case until 2013, when Petitioner filed a writ of mandamus directly with the Second Circuit attempting to file a successive petition to raise a claim of actual innocence. See Donato v. United States, No. 13-2278 (2d Cir. 2013). The Circuit returned a mandate on July 17, 2013 in which it stated "it is hereby ORDERED that the motion for leave to file a successive § 2255 motion is DENIED as unnecessary and the matter is REMANDED to the district court for a determination of Petitioner's claims in the first instance." (July 17, 2013 Mandate, Docket Entry 23, at 1.) The Circuit noted this action's prior history, but found that "later decisions of the Supreme Court and this Court make clear that none of Petitioner's claims in his § 2241 petition were successive." (July 17, 2013 Mandate at 1-2 (citing Magwood v. Patterson, 561 U.S. 320, ----, 130 S. Ct. 288, 2802, 130 L. Ed. 2d 592 (2010); Johnson v. United States, 623 F.3d 41, 46 (2d Cir. 2010)).)

## DISCUSSION

Petitioner now seeks to amend/correct/supplement his Petition (Docket Entry 19) and to file an amended brief (Docket

5

Entry 22).  The Court will first address the applicable legal standard before turning to Petitioner's motions more specifically.

## I. Legal Standard

Federal Rule of Civil Procedure 15(a) governs motions to amend habeas petitions.  <u>See</u> <u>Ching v. United States</u>, 298 F.3d 174, 180 (2d Cir. 2002); <u>Littlejohn v. Artuz</u>, 271 F.3d 360, 362 (2d Cir. 2001); <u>accord</u> <u>Spells v. Lee</u>, No. 11-CV-1680, 2012 WL 3027865, at *4 (E.D.N.Y. July 23, 2012).  Rule 15 provides that courts should grant leave to amend "when justice so requires." FED. R. CIV. P. 15(a)(2).  Leave to amend should be granted unless there is evidence of undue delay, bad faith, undue prejudice to the non-movant, or futility.  <u>See</u> <u>Milanese v. Rust-Oleum Corp.</u>, 244 F.3d 104, 110 (2d Cir. 2001).

## II. Petitioner's Motions

Both Petitioner's motion to amend/correct/supplement and his motion to file an amended brief pertain to his assertions of actual innocence.  Respondent has not filed an opposition to either motion.

Courts have made clear that actual innocence is not an independent basis for habeas relief.  <u>See</u> <u>Pierre v. Ercole</u>, 607 F. Supp. 2d 605, 607 n.13 (S.D.N.Y. 2009) ("Claims of actual innocence 'have never been held to state a ground for federal habeas relief absent an independent constitutional violation

6

occurring in the underlying state criminal proceeding.'" (quoting Herrera v. Collins, 506 U.S. 390, 400, 113 S. Ct. 853, 122 L. Ed. 2d 203 (1993)); Rosario v. Ercole, 582 F. Supp. 2d 541, 559 (S.D.N.Y. 2008) ("Neither the Supreme Court nor the Second Circuit has recognized a freestanding claim of actual innocence as a basis for habeas relief."), aff'd 601 F.3d 118 (2d Cir. 2010). Nonetheless, "[a]ctual innocence may excuse a procedural default, and may arguably provide a basis not to apply the statute of limitations imposed by AEDPA." Rosario, 582 F. Supp. 2d at 559. "'To be credible, [an actual innocence] claim requires petitioner to support his allegations of constitutional error with new reliable evidence . . . that was not presented at trial.'" Singletary v. Fisher, 227 F.R.D. 209, 221 (E.D.N.Y. 2003) (quoting Schlup v. Delo, 513 U.S. 298, 324, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995)).

At this stage, even though "claims of actual innocence are rarely successful," this Court finds that amendment would not necessarily be futile. Id. (internal quotation marks and citation omitted). Whereas the Petition briefly discusses the basis for Petitioner's actual innocence claim (see Pet. at 18 (addressing witness testimony that the perpetrator did not have an accent)), his proposed amended brief provides specific examples of conflicting witness testimony and other evidence that Petitioner believes shows his innocence (see, e.g., Am.

Br., Docket Entry 22-1, at 10-13 (listing witness testimony and other evidence in support of the actual innocence claim); see also Pet.'s Mot. to Amend at 1 (explaining that Petitioner "wishes to submit more and clear facts and law in the actual innocence claim")). Moreover, Petitioner has at least asserted that this evidence was not before the jury. (See Am. Br. at 4 ("Such testimonial evidence that the jury 'did not' have before it, prior to reaching the verdict." (emphasis in original)).

Although Petitioner may be improperly attempting to assert actual innocence as an independent ground for habeas review, it is also possible that actual innocence may be relevant insofar as any of Petitioner's claims are procedurally barred. Notably, despite the winding procedural history and prior habeas petitions, the Petition and this Court's prior Orders reflect one state court appeal which did not address all of Petitioner's grounds for relief. See United States v. Donato, 112 F.3d 506 (2d Cir. 1997). (Pet. at 3.) Nor did the prior petitions and the appeals thereto necessarily address them. See Donato v. United States, No. 98-2991, 2000 U.S. Dist. LEXIS 3788 (2d Cir. Mar. 7, 2000); United States v. Quintieri, 306 F.3d 1217 (2d Cir. 2002).

## CONCLUSION

For the foregoing reasons, Petitioner's motions to amend/correct/supplement and to file an amended brief are

GRANTED. In light of the Second Circuit's July 17, 2013 mandate, Petitioner's claims are ripe for determination in the first instance, and the Court will render a decision in due course.

The Clerk of the Court is directed to mail a copy of this Memorandum and Order to pro se Petitioner.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:    March __10__, 2014
          Central Islip, NY